IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. PARKHILL,

    Plaintiff,

v.                                                                                                    Civ. No. 15-438 GBW

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## ORDER GRANTING REMAND

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency (SSA) decision to deny Plaintiff disability insurance benefits. *Doc. 19*. For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action to the Commissioner for further proceedings consistent with this opinion.

### I. PROCEDURAL HISTORY

Plaintiff filed an initial application for disability insurance benefits (DIB) on May 27, 2011. Administrative Record ("AR") at 124. Plaintiff alleged that he had a disability resulting from congestive heart failure (requiring constant use of an oxygen device), diabetes, glaucoma, and high blood pressure. AR at 241. An Administrative Law Judge (ALJ) held hearings on December 10, 2012 and June 4, 2013. AR at 41-123. On August 9, 2013, the ALJ denied Plaintiff's claim. AR at 23-40. Plaintiff appealed the denial of his application to the Appeals

Council, which declined review on March 25, 2015. AR at 1-6, 22. Plaintiff filed in this Court on May 26, 2015, seeking review of the ALJ's decision. *Doc. 1*.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## III. PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by (1) failing to properly weigh the medical opinions of Dr. Gregory Koury and Dr. James Dahlgren and (2) failing to properly evaluate Plaintiff's

credibility. Defendant argues that the ALJ (1) reasonably evaluated all medical opinion evidence in the record and (2) appropriately determined that Plaintiff's testimony was not entirely credible. Ultimately, I conclude that the ALJ's opinion must be remanded for failure to properly evaluate the opinion of Dr. Dahlgren, and I do not reach the other issues.

## IV. ALJ Evaluation

### A. Legal Standard

For purposes of Social Security benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520. If the Commissioner finds an individual disabled at any step, the next step is not taken. *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." *Id*. § 416.920(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") in

light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work which exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

**B. The ALJ's Decision**

On August 9, 2013, the ALJ issued a decision denying Plaintiff's application for benefits. AR at 23-40. In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of August 1, 2006 through his date last insured of September 30, 2009. AR at 28. At step two, the ALJ determined that through his date last insured, Plaintiff had the following severe impairments: hypertension (not malignant), moderate obesity, diabetes mellitus, and fatty liver. AR at 28. At step three, the ALJ concluded that through the

4

date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  AR at 29.

At step four, the ALJ determined that through the date last insured, Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b)," except that Plaintiff "was precluded from climbing ladders, ropes, and scaffolds."  AR at 29.  However, the ALJ also found that through the date last insured, Plaintiff was able to perform past relevant work as an air conditioning technician.  AR at 33.

V.   ANALYSIS

A. **The ALJ Failed to Properly Evaluate the Opinion of Dr. James Dahlgren**

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of Dr. Gregory Koury and Dr. James Dahlgren.  *Doc. 20* at 13-18.  An ALJ is required to "consider all medical opinions in the record," and must also discuss the weight assigned to such opinions.  *Quintero v. Colvin*, 567 F. App'x 616, 620 (10th Cir. 2014) (citing 20 C.F.R. §§ 404.1527(c)-(e), 416.927(c)-(e)).  To determine what weight to give to a medical opinion, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *see also Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012).  The ALJ must consider opinions from non-

examining physicians as medical opinion evidence and apply the six factors discussed above. *See* 20 C.F.R. § 404.1527(e).

Dr. Dahlgren, who specializes in toxicology, conducted a telephonic interview of Plaintiff and completed a medical report on June 22, 2006. AR at 31, 334-50. In his report, Dr. Dahlgren described Plaintiff's medical condition, summarized his medical records, and discussed research on monensin toxicity. AR at 334-50. Most importantly, he provided his opinion that "[Plaintiff's] current acute and chronic health problems are caused by monensin toxicity" and that as a result "[Plaintiff's] ability to work is markedly reduced." AR at 348.

In his decision, the ALJ generally disregarded the medical opinion of Dr. Dahlgren. Although the ALJ thoroughly discussed the medical opinion of Dr. Koury, who cited Dr. Dahlgren as supporting his opinion, the ALJ only directly referred to Dr. Dahlgren's opinion itself three times. First, the ALJ stated that "[Dr. Koury] reported [that] Dr. James G. Dahlgren, M.D., was a toxicologist who had testified on [Plaintiff's] behalf in his pending litigation." AR at 31. Second, the ALJ stated that "[i]n a June 22, 2006 report issued by Dr. Dahlgren, it was noted [that Plaintiff's] endomyocardial biopsy had shown contraction band artifact without associated necrosis or inflammation and no evidence of myocardial toxicity." AR at 31. Finally, in discussing Dr. Koury's opinion, the ALJ noted that "Dr. Koury acknowledged that the diagnosis of monensin poisoning was by exclusion, consistent with the June 2006 report of Dr. Dahlgren." AR at 32.

The ALJ's superficial references to Dr. Dahlgren's opinion are insufficient. The ALJ did not assign any weight to Dr. Dahlgren's opinion, and did not discuss the portions of his opinion

6

that conflict with the opinion of Dr. McClure, to which the ALJ assigned great weight. AR at 32. For example, the ALJ did not explain why he rejected Dr. Dahlgren's opinion that Plaintiff's health problems are caused by monensin toxicity in favor of Dr. McClure's contradicting opinion that the evidence is insufficient to support toxicity in Plaintiff. AR at 30; 348. Dr. Dahlgren's opinion that monensin toxicity is the cause of Plaintiff's health problems supports the opinion of Dr. Koury and also supports Plaintiff's testimony regarding his disability. Accordingly, the ALJ was required to articulate what weight he assigned to Dr. Dahlgren's opinion and discuss the reasons for doing so. *See Quintero*, 567 F. App'x at 620. Based on these considerations, the Court finds that the ALJ committed reversible error and that this case must be remanded.

## VI. CONCLUSION

Plaintiff has demonstrated that the ALJ erred in his analysis of the medical opinion of Dr. James Dahlgren. Accordingly, Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 19*) is GRANTED, and this case is REMANDED to the Commissioner for further proceedings consistent with the opinion.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**